UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Fontel Williams, | ) C/A No. 9:17-2538-CMC-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| S.C.D.C. Director Bryan P. Stirling, | ) |
| Defendant. | ) |

The Plaintiff, Fontel Williams, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time he filed this action, he was an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC). He is currently an inmate at the McCormick Correctional Institution of the SCDC.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Records from Marion County indicate that Plaintiff received two sentences of eleven years imprisonment (one for burglary, second degree, non-violent and one for armed robbery) and one sentence of five years imprisonment (grand larceny) on July 10, 2008. See Marion County Twelfth Judicial Circuit Public Index, http://publicindex.sccourts.org/Marion/PublicIndex/CaseDe tails.aspx?County=33&CourtAgency=33001&Casenum=I055533&CaseType=C&HKey=885312 1103100110971021191097811169105122104736711589495510179995168101531226711455487 6109728411584735599 [burglary]; http://publicindex.sccourts.org/Marion/PublicIndex/CaseDe tails.aspx?County=33&CourtAgency=33001&Casenum=I055868&CaseType=C&HKey=551094 9851181105110011710370508143114711111804766806789575699661106981698011553475368 1118271718873 [armed robbery]; http://publicindex.sccourts.org/Marion/PublicIndex/CaseDetails. aspx?County=33&CourtAgency=33001&Casenum=J955360&CaseType=C&HKey=887069771 1010372507811799112119704710910370499077781221111184790555110186907810175569 85 74753109103115 [grand larceny]; (last visited Dec. 13, 2017).[1] Public records from SCDC indicate

---

[1]This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, (continued...)



2

that since his incarceration, Plaintiff has been convicted of numerous disciplinary convictions since 2009, and as a result has lost approximately 200 days of good-time credits. Plaintiff's current projected release date is January 9, 2019. See http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Fontell Williams, Number 00332082](last visited Dec. 13, 2017).

Plaintiff alleges in his Complaint that he is currently falsely imprisoned because he is only supposed to serve 85% of his eleven years sentence, which he claims should be a total of eight years and "some weeks."[2] He claims that Defendant SCDC Director Brian P. Stirling failed to let a disciplinary hearing officer (DHO) "know (he or she) can't take prisoner[']s jail time when they're pre-trial detainee status which they are innocent until guilty and a prison hearing officer can't bother the (131) days of jail time I had given." Complaint, ECF No. 1 at 4. Plaintiff contends that a DHO abused his or her authority and took away his 131 days of jail credit at different times at disciplinary hearings, which he asserts is an ex post facto violation and a violation of the separation of powers. Id. at 5. Plaintiff requests that he immediately be let out of prison, that the persons responsible be fired from their employment, and that he be paid $100,000 for every day he stays in prison more than 85% of the 11 years to which he was sentenced. Id. at 6.

Initially, it is noted that Plaintiff's claim for monetary damages based on his allegations of illegal, excessive confinement is not cognizable in this court at this time because there is no indication in the Complaint that Plaintiff has had his sentence as calculated overturned through

---

[1](...continued)
887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

[2]It is noted that 85% of eleven years is approximately nine years and 127 days, not eight years and "some weeks".



3

a direct appeal, state post-conviction relief application, habeas corpus proceeding, or otherwise. See Heck v. Humphrey, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983, such as the present one alleging constitutional violations and/or other improprieties and seeking damages in connection with the execution of a sentence based on a state criminal conviction, the Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87. Hence, until a criminal sentence is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action seeking damages based on the sentence calculation and related matters will be barred. See Freeman v. Pate, No. 9:13-170-DCN-BM, 2013 WL 787107 (D.S.C. Feb. 7, 2013), adopted by 2013 WL 787090 (D.S.C. Mar. 1, 2013)[summarily dismissing prisoner's claim for damages and declaratory relief based on allegations of illegal, excessive confinement as Plaintiff did not allege that his sentence as calculated had been overturned].

Heck also acts to bar claims for injunctive and declaratory relief. Id. See also Wilkinson v. Dotson, 544 U.S. 74, 81–82 ["[A] state prisoner's § 1983 action is barred (absent prior



4

invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ...—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."]; Mobley v. Tompkins, 473 F. App'x 337 (4th Cir. 2012)[applying Heck in a civil action seeking damages and injunctive relief relating to federal convictions] (citing Heck, 512 U.S. at 486-487; Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011)).

To the extent that Plaintiff is attempting to attack his disciplinary convictions in which good-time credits were taken away from him, any such claims are again barred by Heck. See Edwards v. Balisok, 520 U.S. 641, 648 (1997)[Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits]; see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)[holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck]; cf. Muhammad v. Close, 540 U.S. 749, 751 (2004) ["Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."]. Plaintiff has not alleged that he successfully attacked his disciplinary hearing conviction(s). Hence, the awarding of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing(s), and thus any such claims are barred under Heck and Edwards.

Further, Plaintiff's request for release from incarceration must be dismissed because such relief is not available under § 1983. To the extent that Plaintiff is requesting release from incarceration, his exclusive federal remedy is to file a petition for a writ of habeas corpus under 28



U.S.C. § 2254, after full exhaustion of his state remedies. See Heck, 512 U.S. at 481 (1994)[holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"]; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983].

The Defendant is further entitled to summary dismissal to the extent that Plaintiff's claims against him are based on a theory of respondeat superior. A review of the allegations of the Complaint shows that Stirling has been named as the Defendant by virtue of his office, not because of anything he has personally done to the Plaintiff. However, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). In order to proceed with a claim under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302, at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against the Defendant, as the Slakan exception requires factual allegations



6

showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373; see Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994).

Finally, to the extent that Plaintiff is attempting to assert any claim(s) under South Carolina law, such claims should be dismissed if the above recommendations are adopted, as only state law claims would survive. Courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). However, as Plaintiff has asserted no valid federal claim, this Court should not exercise supplemental jurisdiction over any state law claim.[3] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, it is also recommended that any state law claims be dismissed without prejudice.

---

[3]While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, both parties to this action appear to be citizens of South Carolina, so diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over any state law claim(s) being asserted.



7

## Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December 15, 2017
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



9